IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ERUNTA KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-059 |
| | ) | |
| WARDEN ANTOINE CALDWELL; | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| SGT. SCOTT; CERT OFFICER E GREEN; | ) | |
| DEPUTY WARDEN EDREGINALD | ) | |
| GIBBONS; COUNTY OF JOHNSON; and | ) | |
| OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names the following Defendants: (1) Warden Antoine Caldwell, (2) County of Johnson, (3) an unknown Gang Member Coordinator Officer, (4) C.E.R.T. Sgt. Scott, (5) Edeginald Gibbons, Deputy of Security, (6) C.E.R.T. Officer E. Green, and (7) Department of

Corrections. (Doc. no. 1, pp. 1-2; doc. no. 15, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts as follows.

Plaintiff is a Level III inmate with diagnosed but unspecified mental health conditions. (Doc. no. 15, p. 13.) On August 27, 2020, between 8:45 and 9:30, Defendants Scott and Green maliciously and sadistically handcuffed and picked up Plaintiff, forcibly slamming him down and leaving him unconscious. (Id. at 5, 12.) Plaintiff was unable to defend or protect himself. (Id.) Defendant Gibbons not only witnessed the attack, but also encouraged and supported it. (Id.) Plaintiff was later denied immediate medical attention. (Id. at 5.) For relief, Plaintiff seeks PTSD treatment and $2.5 million in compensatory and punitive damages. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Caldwell, County of Johnson, Unknown Officer, and Department of Corrections

As the Court previously explained, (doc. no. 12, pp. 5-6), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named the Department of Corrections as a Defendant. (See doc. no. 1.) The amended complaint no longer names Department of Corrections as a Defendant and does not make any allegations associating the Department of Corrections as an entity with a purported constitutional violation. (See generally

doc. no. 15.) Dismissal is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

Further, the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff names Unknown Officer, Caldwell, and County of Johnson as Defendants in the caption of the amended complaint and the portion of the form reserved for identifying Defendants, (doc. no. 15, pp. 1-2), but he does not mention them anywhere in his statement of claim. As Plaintiff does not connect these Defendants to an alleged constitutional violation, they should be dismissed.

### 3. Defendants Scott, Green, and Gibbons Are Not Subject to Liability in their Official Capacities

Plaintiff sues Defendants Scott, Green, and Gibbons in both their official and individual capacities. (Doc. no. 15, pp. 1-3.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims against any Defendants Scott, Green, and Gibbons for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** dismissal of all claims against Defendants Caldwell, Department of Corrections, County of Johnson, and Unknown Officer, as well as any official capacity claims for monetary damages against Defendants Scott, Green, and Gibbons. By separate Order, the Court directs service of process for Plaintiff's excessive force claim against Defendants Scott, Green, and Gibbons.

SO REPORTED and RECOMMENDED this 14th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA